UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

NEW YORK STATE DIVISION OF HUMAN
 RIGHTS on the Complaint of Housing
 Opportunities Made Equal, Inc.,

                  Plaintiff,

                                               **DECISION AND ORDER**
        v.                                                11-CV-569A

ANTHONY FOLINO and CARMELINE
 FOLINO,

                  Defendants.
───────────────────────────────

On July 7, 2011, defendants filed a notice of removal with the Clerk of the Court pursuant to 28 U.S.C. §§ 1441 and 1446.  In their notice of removal, defendants assert that they have removed an administrative court action from "the Administrative Court of the New York State Division of Human Rights."  (Dkt. No. 1 at 1.)  Defendants attached to their notice of removal the underlying state papers, as required by 28 U.S.C. § 1446(a).  Those papers reveal that defendants have removed a verified administrative complaint that the organization Housing Opportunities Made Equal ("HOME") filed with the New York State Division of Human Rights ("NYSDHR") under N.Y. Executive Law § 297(1).  NYSDHR, in turn, forwarded the complaint to defendants on or around April 14, 2011, as required by N.Y. Executive Law § 297(2)(b).  In the complaint,

HOME accuses defendants of housing discrimination based on familial status in violation of Article 15 of New York's Executive Law.[1] (Dkt. No. 1-1 at 6.)

The Court has reviewed defendants' notice of removal pursuant to 28 U.S.C. § 1447(c). *See id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (citation omitted), *superseded in part on other grounds by* Fed. R. Civ. P. 83(a)(2). After reviewing the notice of removal, the Court has identified two issues related to subject matter jurisdiction that require immediate attention. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack . . . jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*.") (citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties . . . . Federal courts are courts of limited jurisdiction.").

---

[1] Article 15 as a whole, which covers N.Y. Executive Law §§ 290–301, is known as the "Human Rights Law."

The first issue is whether NYSDHR constitutes a "court" for purposes of the federal removal statute. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a *State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). For years, federal courts applying this issue to particular administrative agencies did not necessarily rely on the plain language of the removal statute. Instead, courts would rely on a "functional test" under which they would assess the extent to which a state administrative agency had the power to conduct hearings, summon witnesses, issue orders, and enforce those orders. *See, e.g., Floeter v. C. W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979) ("We hold that the title given a state tribunal is not determinative; it is necessary to evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum.") (citing *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38, 44 (1st Cir. 1972)) *and* Note, *Removal to Federal Courts from State Administrative Agencies*, 69 Yale L.J. 615 (1960).

Working against defendants' removal, however, is the more recent trend away from functional analysis and toward the plain language of the removal

statute. "More recent authority has rejected or severely limited the 'functional' test in favor of a standard application of the canons of statutory construction . . . . Even courts that once applied the functional test now appear to have repented to some degree." *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1254–55 (10th Cir. 2010) (citations omitted); *see also Ore. Bureau of Labor & Indus. ex rel. Richardson v. U.S. West Commc'ns, Inc.*, 288 F.3d 414, 417–18 (9th Cir. 2002) ("The plain language of 28 U.S.C. § 1441(a) limits removal to cases pending before a 'state court' . . . . The term is clear and consistent with the overall statutory scheme for removals because it is used repeatedly throughout the removal statutes and is the only term used in reference to the tribunal from which removal may be taken."); *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 713 (7th Cir. 2000) (limiting *Floeter* to "the particular facts of that case") (citation omitted).

Absent explicit guidance from the Court of Appeals for the Second Circuit, this Court adopts the reasoning from the Ninth and Tenth Circuits as persuasive. "Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (internal quotation marks and citations omitted). Here, the plain language of 28 U.S.C. § 1441(a) limits removals to "civil actions" brought in

"a State court." The statute does not mention administrative agencies or administrative proceedings; in fact, the statute does not even use ambiguous language like "tribunal" or "decision-making body" that might allow for an assessment of an agency's functions. Of all of the different governmental entities at the state and local level that make and enforce decisions, Congress chose only one type of entity—state courts—to subject to the federal removal process. NYSDHR is not a state court as understood within the New York State Unified Court System, *see* Court Structure, http://www.nycourts.gov/courts/structure.shtml (last visited July 11, 2011), and this Court will not attempt any functional assessment of that agency without congressional authorization. *See also Ore. Bureau*, 288 F.3d at 418–19 ("The functional test goes beyond the language of the statute, because the functional test is a judicially-developed analysis that neither appears in, nor is necessarily implied by, the statutory language. The settled law in this circuit, however, is that we do not go beyond clear and consistent statutory language. Because the statutory language here is clear and consistent, we may not go beyond it to adopt the functional test.") (citation omitted). On this basis alone, the Court finds that remand is appropriate.

The second issue concerning subject matter jurisdiction is whether this Court can preside over the substance of the verified complaint that HOME filed with NYSDHR. Although defendants refer to federal civil-rights and housing

statutes in their notice of removal, the verified complaint officially contains just one count of violating the Human Rights Law, a state statute.  Since diversity of citizenship would not be in play here, the absence of a federal question from the face of the verified complaint means that this Court does not have jurisdiction over the matter at this time.  The Court will not comment, however, on the possibility of a future decision by HOME to pursue litigation instead of administrative action under the "election of remedies" provision of N.Y. Executive Law § 297(9).

      For all of the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this case and directs a remand pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court shall remand this case to the New York State Division of Human Rights and shall close the case.

      SO ORDERED.

                              *s/ Richard J. Arcara*
                              HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT JUDGE

DATED: July 11, 2011